CHARLES D. NAYLOR, State Bar No. 62243
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
11 Golden Shore Drive, Suite 350
Long Beach, California 90802
Telephone:  (310) 514-1200
Facsimile:  (310) 514-1837
E-Mail:  cnaylor@naylorlaw.com

In Association with:

Aksana M. Coone, State Bar No. 190125
LAW OFFICES OF AKSANA M. COONE
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:  (310) 556-9650
Facsimile:  (310) 954-9008
E-mail:  Aksana@Coonelaw.com

Attorneys for Plaintiff,
FRANK P. SENA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK P. SENA,<br><br>         Plaintiff,<br><br>    v.<br><br>CROWLEY MARITIME CORPORATION, INTREPID PERSONNEL & PROVISIONING, INC., INTREPID SHIP MANAGEMENT, INC., AMERICAN PETROLEUM TANKERS LLC AND DOES 1 through 10,<br><br>         Defendants. | Case No.:  2:22-cv-5612<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES UNDER THE JONES ACT FOR NEGLIGENCE; UNDER THE GENERAL MARITIME LAW FOR UNSEAWORTHINESS AND FOR MAINTENANCE AND CURE; DEMAND FOR JURY TRIAL** |

THIS ACTION IS FILED UNDER 28 U.S.C. §1916, ALLOWING SEAMAN TO SUE WITHOUT PREPAYMENT OF FEES.

1

COMES NOW the Plaintiff, FRANK P. SENA, complaining of Defendants, and each of them, and respectfully states and alleges:

# I

# **PARTIES**

1. Plaintiff FRANK P. SENA is an American merchant seaman and is a resident of San Pedro, California, which is located in Los Angeles County and within the venue of the United States District Court for the Central District of California.

2. Defendant CROWLEY MARITIME CORPORATION is a foreign corporation that is regularly doing business in the State of California and is registered to do business in California (entity number: 1803709). This Defendant does substantial business in Los Angeles County and has designated an agent for service in the State of California. This Defendant may be served with due process by serving its registered agent, Corporate Creations Network Inc., 4640 Admiralty Way, 5th Floor, Marina del Rey, CA 90292.

3. Defendant INTREPID PERSONNEL & PROVISIONING, INC. is a foreign corporation that is regularly doing business in the State of California and is registered to do business in California (entity number: 4861099). This Defendant does substantial business in Los Angeles County and has designated an agent for service in the State of California. This Defendant may be served with due process by serving its registered agent, Corporate Creations Network Inc., 4640 Admiralty Way, 5th Floor, Marina del Rey, CA 90292.

4. Defendant INTREPID SHIP MANAGEMENT, INC. is a foreign corporation that is regularly doing business in the State of California and is registered to do business in California (entity number: 3566284). This Defendant does substantial business in Los Angeles County and has designated an agent for service in the State of California. This Defendant may be served with due process by serving its registered agent, Corporate Creations Network Inc., 4640 Admiralty Way, 5th Floor, Marina del Rey, CA 90292.

5. Defendant AMERICAN PETROLEUM TANKERS LLC is a foreign company that is regularly doing business in the State of California and does substantial business in Los Angeles County.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were legally caused by said negligence.

7. Plaintiff is informed and believes, and thereon alleges, that at all times material herein each of the Defendants, including those fictitiously named herein as DOES 1 through 10, inclusive, acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendant's acts alleged herein was done with the permission, consent, and ratification of each of the other Defendants.

8. Plaintiff is informed and believe, and thereon allege that at all times material herein, each of the Defendants, including those fictitiously named herein as DOES 1 through 10, inclusive, were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

///

9. Plaintiff is informed and believes, that at all times material hereto Defendants CROWLEY MARITIME CORPORATION, INTREPID PERSONNEL & PROVISIONING, INC., INTREPID SHIP MANAGEMENT, INC., AMERICAN PETROLEUM TANKERS LLC and DOES 1-10, were the owners, charterers, or owners pro hac vice, operators and managers of the vessel EMPIRE STATE.

10. Plaintiff is informed and believes, that at all times material hereto Defendants CROWLEY MARITIME CORPORATION, INTREPID PERSONNEL & PROVISIONING, INC., INTREPID SHIP MANAGEMENT, INC., AMERICAN PETROLEUM TANKERS LLC and DOES 1-10 employed Plaintiff as a member of the crew of the vessel EMPIRE STATE (hereinafter "vessel"), and/or were the borrowing employers of Plaintiff and exclusively supervised, controlled and directed his employment.

## II
## JURISDICTION AND VENUE

11. This claim arises under, and jurisdiction is vested pursuant to the Jones Act (46 U.S.C. §30104 et. seq.) and the General Maritime Law. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants conduct business in, and have significant contacts with, this District and are therefore subject to the Court's personal jurisdiction, and further on the basis that a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## III
## FIRST CAUSE OF ACTION
## FOR NEGLIGENCE UNDER THE JONES ACT

12. Plaintiff refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 11 as though fully set forth at length.

13. At all times herein material, Plaintiff was a seaman acting within the scope, purpose, and duties of his employment as a member of the crew of the vessel while the

1  vessel was operating in the navigable waters of the United States and the State of
2  California.
3     14.   On or about August 19, 2019, the vessel was anchored in San Francisco Bay,
4  California. At said date and place, Plaintiff was working as a Bosun when he and two
5  deck maintenance AB's were ordered by the Chief Mate to enter the number 3 port and
6  starboard ballast tanks to chip and paint.  The subject tanks have narrow horizontal ribs
7  on the bulkheads that create a ledge on which to stand to perform the work.  Prior to
8  beginning the assigned work, the Chief Mate, who is responsible for inspecting the tanks
9  to ensure they are safe before ordering the chip and paint work, represented to Plaintiff
10 and the two AB's that the tanks were clean, dry, and ready for the assigned work.  The
11 Chief Mate further instructed Plaintiff and the AB's on which tools and equipment to use,
12 and in doing so, did not advise to use ladders; It was therefore understood and expected
13 that the men performing the work would have to climb up onto the ribs to complete their
14 work.  Unbeknownst to Plaintiff, contrary to the Chief Mate's representations, the ribs
15 were wet and muddy creating an unreasonably slippery and hazardous condition.  When
16 Plaintiff stepped onto the wet and muddy rib, he slipped and twisted and injured his right
17 knee.
18    15.   After the incident, Plaintiff verbally reported his injury to the Chief Mate.
19 Over the next few weeks, as the vessel was sailing to San Pedro, California, Plaintiff
20 continued his work as a Bosun aboard the vessel and his right knee continued to hurt
21 causing him to walk with a noticeable limp.
22    16.   On or about September 6, 2019, Plaintiff was ordered to chip and paint cargo
23 piping on the vessel's deck.  The assignment required Plaintiff to climb and get into
24 awkward positions in tight and cramped spaces to perform the work which should
25 properly have been done in a shipyard, by shipyard workers utilizing appropriate tools
26 and equipment.  While performing the assigned work under the conditions present,
27 Plaintiff reinjured his knee and further suffered tightness and cramping in his right thigh.
28 On or about September 11, 2019, after his right knee pain did not subside and in fact

worsened in the following week with increased sharp pain and radiation to his hamstring, Plaintiff reported the incident and his severe knee pain to the vessel's Captain. When the vessel arrived in port the following day, on September 12, 2019, Plaintiff was referred to urgent care ashore in Long Beach, California where he was diagnosed with an acute traumatic internal derangement of his right knee. The treating physician placed Plaintiff on light duty work as of September 13, 2019, with restrictions on lifting weight, instructions to sit 45 minutes of each hour and prohibitions on squatting or kneeling. Plaintiff presented the vessel's Captain with the physician's light duty report.

17. On or about September 13, 2019, the vessel was anchored in Long Beach, California. At said date and place, the vessel's Captain ordered Plaintiff to climb five flights of a steep and narrow stairway to the flying bridge to inspect an area that required some work, despite having full knowledge of Plaintiff's severe knee pain and physical limitations placed on his work. The flying bridge is the highest deck on the vessel and can only be accessed via climbing the five flights of stairs. Plaintiff walked all the way up the stairway, and after the inspection, began his descent down with great difficulty. After walking down the stairway for several steps, Plaintiff felt a crack in his right knee and the immediate onset of severe pain in his knee. Plaintiff reported the incident to the vessel's Captain and was sent to an emergency room ashore in Long Beach, California, where he was determined to be not fit for duty.

18. At all times material Defendants, as Plaintiff's employer and/or borrowing employers, owed to Plaintiff an affirmative duty to provide him with a reasonably safe place to work, including but not limited to safe access to work spaces aboard the vessel, reasonably safe gear, equipment, and work methods; and at all such times Defendants owed Plaintiff further duties to include the duties to properly train, instruct and supervise the vessel crew, to promulgate and enforce appropriate safety rules and standards, and to warn him of dangerous conditions which were known to, or by the exercise of due care could have been known to Defendants. And further, Defendants had a duty to provide

1 Plaintiff with prompt and appropriate medical care for his injuries, including but not
2 limited to his right knee injury.
3      19.   On or about the aforementioned dates, and prior and subsequent thereto,
4 Defendants, and their agents, servants, and/or employees breached their said duties to
5 Plaintiff through their various acts and/or omissions, in that, among other things:
6      a.   They failed to provide a safe work environment;
7      b.   They caused, permitted, and allowed the vessel, including but not
8 limited to the ballast tanks to be in an unsafe, dangerous, and defective condition;
9      c.   They failed to provide Plaintiff with proper instruction and the
10 appropriate tools, gear, and equipment to safely perform the work in the ballast tanks
11 given the wet and muddy conditions present;
12      d.   They failed to properly clean, inspect, maintain, and repair the vessel
13 and cure defective conditions, including but not limited to the ballast tanks;
14      e.   They failed to warn Plaintiff of the hazards posed by the slippery, wet
15 and muddy conditions present in the ballast tanks;
16      f.   They failed to properly train and instruct the Chief Mate to conduct
17 appropriate inspections to identify hazards, including the wet and muddy ballast tanks;
18      g.   They failed to promulgate and enforce appropriate rules and
19 procedures for proper inspection and warning of hazardous conditions;
20      h.   They failed to properly train and instruct the Chief Mate to provide
21 proper and adequate instructions, including the proper tools, gear, and equipment to use
22 under hazardous conditions;
23      i.   They failed to warn Plaintiff of the hazards posed by working around
24 cargo piping;
25      j.   They failed to train and instruct Plaintiff on the proper methods to
26 chip and paint around cargo piping;
27      k.   They failed to provide Plaintiff with proper tools, equipment, and gear
28 to enable him to safely chip and paint around cargo piping;

l. They failed to provide Plaintiff with adequate assistance to perform his assigned duties in a safe manner;

m. They required Plaintiff to perform unsafe and dangerous work utilizing unsafe methods of work;

n. They ignored and failed to consider Plaintiff's injuries and physical limitations in assigning him regular duties aboard the vessel;

o. They negligently ordered Plaintiff to complete tasks that were unsafe with knowledge of his injuries and physical limitations;

p. They failed to perform proper job hazard analysis;

q. They failed to promulgate and enforce appropriate rules and procedures requiring the use of reasonably required gear and equipment;

r. They failed to promulgate and enforce appropriate rules and procedures requiring the use of reasonably safe work methods;

s. They failed to properly train and instruct the vessel's crew in the use of reasonably required gear and equipment and the use of reasonably safe work methods;

t. They employed incompetent master and crew;

u. They failed to assign sufficient crew members to properly perform assigned tasks and to properly supervise the crew;

v. They required crew to complete tasks that properly should have been completed in a shipyard;

w. They operated the vessel in an unsafe and improper manner;

x. Other negligent acts or omissions and unseaworthy conditions as proven at time of trial.

20. As a direct and legal result of the aforesaid negligence of the Defendants, Plaintiff was hurt and injured in his health and strength and sustained personal injuries. Plaintiff is informed and believes and thereon alleges that some or all of his injuries are reasonably likely to be permanent, all to his general damage in a sum in excess of the jurisdictional minimum of this Court.

21. As a further direct and legal result of the negligence of the Defendants, and each of them, it has been and continues to be necessary for Plaintiff to receive medical care and treatment, and it will be so necessary for an indefinite period of time in the future. The cost of said medical care is not known at this time, and Plaintiff alleges as damages herein the amount of such costs, according to proof at trial.

22. As a further direct and legal result of the aforesaid negligence of the Defendants, and each of them, Plaintiff was prevented from attending his usual occupation for a period of time and is informed and believes and thereon alleges that he will continue to be so prevented for an indefinite period of time in the future, thereby resulting in a loss of earnings to Plaintiff, the exact amount of which is unknown at this time. Plaintiff alleges as damages herein the amount of such loss of earnings in an amount according to proof at trial.

IV

## SECOND CAUSE OF ACTION
## FOR UNSEAWORTHINESS

23. Plaintiff refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 22, as though fully set forth at length.

24. At all times material, Defendants as the owners and/or operators of the vessel, had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

25. On or about the aforesaid dates, the aforesaid vessel was unseaworthy in its crew, operation, maintenance, supervision, control, equipment, gear, inspection, and work method and in the absence of a safe place thereon for Plaintiff to work, so as to cause an accident, thereby causing Plaintiff the injuries and damages as herein alleged.

V

## THIRD CAUSE OF ACTION
## FOR MAINTENANCE AND CURE AND UNEARNED WAGES

26. Plaintiff refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 19 as though fully set forth at length.

27. While working as a crewmember in the Defendants' employ and in the service of the vessel during the times alleged above, Plaintiff suffered severe and disabling injuries.

28. As a legal result of the aforesaid injuries sustained by Plaintiff, and without regard to the question of liability or negligence on the part of the Defendants, Defendants became obligated to provide Plaintiff with proper medical care and attention and with means with which to sustain and maintain himself while receiving medical care and attention and while unable to resume his normal duties, commencing on the date of each of the injuries alleged herein and continuing thereafter until Plaintiff shall have been declared to have reached maximum medical cure. The exact period of disability for which Plaintiff is entitled for payment of maintenance and the exact amount of cure are presently unknown. Defendants further became obligated to Plaintiff to pay unearned wages to the end of the voyage aboard the vessel. Plaintiff alleges as damages herein the amount of said maintenance and cure and unearned wages in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for damages against the Defendants, and each of them, as follows:

1. For general damages in an amount according to proof;
2. For medical expenses, past and future, in an amount according to proof;
3. For loss of earnings, past and future, in an amount according to proof;
4. For maintenance and cure and unearned wages, in an amount according to proof;
5. For costs of suit herein, according to proof; and,
6. For such other and further relief as the court may deem just and proper.

///
///
///
///

10

## **REQUEST FOR JURY TRIAL**

Plaintiff, FRANK P. SENA, hereby demands trial by jury of the above-captioned matter.

Dated: August 9, 2022

LAW OFFICES OF
CHARLES D. NAYLOR

LAW OFFICES OF
AKSANA M. COONE

By: */s/ Charles D. Naylor*
Charles D. Naylor, Esq.
Aksana M. Coone, Esq.
Attorneys for Plaintiff,
FRANK P. SENA